```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF ILLINOIS
                   EASTERN DIVISION
```

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 23 CR 143 |
| | ) | |
| | ) | |
| Eric M. King, | ) | |
| | ) | |
| Defendant. | ) | |

<u>Memorandum Opinion & Order</u>

Eric M. King was arrested on December 17, 2021, after Chicago Police Officers observed him with a bag of suspected cannabis in a vehicle, where a firearm was later found. At the time of his arrest, Mr. King had prior state drug convictions for manufacture and/or delivery of heroin and possession of a controlled substance, with sentences for each exceeding one year. Accordingly, he was prohibited from possessing a firearm under 18 U.S.C. § 922(g)(1). A federal grand jury later charged Mr. King with violation of that statute. Mr. King now moves to dismiss the indictment on the ground that § 922(g)(1) violates the Second Amendment pursuant to *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022). For the reasons explained below, I deny the motion.

In *Bruen*, the Supreme Court established a framework for analyzing whether a challenged firearm regulation violates the Second Amendment. First, *Bruen* instructs courts to determine

whether the Second Amendment's plain text covers an individual's conduct. If it does, the conduct is "presumptively protect[ed]," and the government bears the burden of demonstrating that the challenged regulation "is consistent with the Nation's historical tradition of firearm regulation." *Id.* at 2129-30.

I recently issued an opinion on a similar § 922(g)(1) challenge that discussed this standard and the flurry of recent challenges to § 922(g)(1). *See United States v. Jackson*, No. 20 CR 298, 2023 WL 7160921, at *1-4 (N.D. Ill. Oct. 31, 2023). In *Jackson*, I concluded that felons are included in "the people" protected by the Second Amendment. *Id.* at *5-6. Furthermore, I held that the historical record "amply establishes Congress's authority to prohibit felons" like Jackson--whose underlying offenses included state drug felonies--from possessing firearms. *Id.* at *6. I incorporate that analysis here.

In *Jackson*, I did not have occasion to substantively address the argument that historical firearm regulations imposed a lesser burden than § 922(g)(1) does because under those earlier regulations, "once wrongdoers had paid their debts to society, the colonists forgave them and welcomed them back into the fold," *Folajtar v. Att'y Gen.*, 980 F.3d 897, 923 (3d Cir. 2020) (citing scholarly evidence), whereas § 922(g)(1)'s ban is permanent. I explained that that argument:

2

> does not advance Mr. Jackson's cause because that is not the situation in which he finds himself. Mr. Jackson committed the instant § 922(g)(1) violation while on supervised release after a previous period of incarceration. Indeed, his history of recidivism over more than a decade and the increasing severity of his offenses are the hallmarks of recalcitrance, not repentance.

*Id.* at *8 (citation and footnote omitted).

Mr. King makes that same argument here, but because his § 922(g)(1) violation took place after his underlying sentences were complete, it comes with more force than it did in Mr. Jackson's case. Still, I find it unpersuasive. Even assuming that "actual practices at the time of the founding show that 'once wrongdoers had paid their debts to society, the colonists forgave them and welcomed them back into the fold,'" Reply, ECF 48 at 29 (quoting *Folajtar*, 980 F.3d at 923 (Bibas, J., dissenting)), so too may a felon today regain his right to possess firearms even after that right has been restricted under § 922(g)(1), specifically through expungement or pardon. *See Atkinson v. Garland*, 70 F.4th 1018, 1026 (7th Cir. 2023) (Wood, J., dissenting) (observing that, pursuant to § 922(a)(20), convictions that have been expunged or pardoned do not count for § 922(g)(1) purposes); *id.* at 1035 n.3 ("Relief from th[e] disability [imposed under § 922(g)(1) is possible through executive clemency."); *United States v. Lloyd*, 184 F.3d 695, 698–99 (7th Cir. 1999) (explaining that one may regain the right to possess firearms even after that

3

right is restricted pursuant to § 922(g)(1), if the qualifying Illinois state convictions are expunged). Thus, there is no incongruity in the burdens imposed by § 922(g)(1) and the historical examples the government brings forth.

Other than that, Mr. King--whose arguments are virtually identical to those made in *Jackson*--gives me no reason to revisit my holdings in that opinion. Accordingly, Mr. King's motion to dismiss the indictment is denied.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: November 17, 2023